**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHAEL PURNELL<br>6 Nichols Ave.<br>Coatesville, PA 19320<br><br>Plaintiff,<br>v.<br><br>AAP METALS, LLC D.B.A. HILLMAN BRASS & COPPER, INC.<br>1010 W. 37th Place<br>Tulsa, OK 74107<br><br>and<br><br>ARBOR/METALS, INC. D.B.A. HILLMAN BRASS & COPPER, INC.<br>8411 Irvington Blvd.<br>Houston, TX 77022<br>Defendants. | CIVIL ACTION<br><br>CASE NO.:<br><br>**JURY TRIAL DEMANDED** |

**CIVIL ACTION COMPLAINT**

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

**INTRODUCTION**

1. This action has been initiated by Michael Purnell (hereinafter referred to as "Plaintiff," unless indicated otherwise) against AAP Metals, LLC, d.b.a. Hillman Brass & Copper ("Defendant AAP") and Arbor/Metals, Inc., d.b.a. Hillman Brass & Copper, Inc. ("Defendant AMI") (hereinafter referred to collectively as "Defendants") for violations of Title VII of the Civil Rights Act ("Title VII" - 42 U.S.C. §§ 2000e, *et. seq.*), Section 1981 of the Civil Rights Act of 1866 ("Section 1981" - 42 U.S.C. § 1981), and the Pennsylvania Human Relations Act ("PHRA").

2. Plaintiff contends that he was subjected to discriminatory and retaliatory treatment while employed with Defendants (as explained *infra*) and that he was unlawfully terminated from his employment.

**JURISDICTION AND VENUE**

3. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws. State claims asserted herein are proper under this Court's ancillary or supplemental jurisdiction to hear state claims arising out of the same common nucleus of operative facts as those set forth in Plaintiff's federal claims.

4. This Court may properly maintain personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

5. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this District because the actions underlying this case occurred in this District, and Defendants are deemed to reside where they are subject to personal jurisdiction (rendering venue appropriate for multiple reasons).

6. Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff has properly exhausted his administrative proceedings before initiating this action by timely filing and dual-filing his Charge

with the EEOC and PHRC, filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC, and by waiting more than one year after dual-filing with the PHRC.

## PARTIES

7. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

8. Plaintiff is an adult male residing at the above-captioned address.

9. Defendant AAP and Defendant AMI are companies that process and distribute metals and metal products.

10. Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action.

11. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

12. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13. Plaintiff is a Black (African American) male.

14. Plaintiff was hired in or about April 2023 as a Machine Operator at Defendants' 2500 Chestnut Tree Road, Honeybrook, PA 19344 location.

15. Plaintiff directly reported to Defendants' Operations Manager, Dan Fick (hereinafter "Fick" - Caucasian), and the General Manager, Steve Clark (hereinafter "Clark" - Caucasian).

16. Plaintiff was hired as part of a 4-person crew to replace Defendants' former crew that was out on strike.

17. Throughout Plaintiff's employment with Defendants, Defendants' Caucasian management subjected Plaintiff and other Black employees to hostility, animosity, racial slurs, and disparate treatment because of their race.

18. Fick started as Operations Manager approximately 1 month after Plaintiff started, and almost immediately began to refer to all of the Black employees (including Plaintiff) at Defendants' Honeybrook, PA location as "monkeys" or "you monkeys" – particularly heinous racial slurs that Plaintiff witnessed no fewer than 3 times in one day, often made upon return from breaks and when loading/unloading in front of drivers.

19. Plaintiff objected to Fick that his comments were offensive, inappropriate, and that everyone would quit if he continued.

20. Following Plaintiff's objection to Fick's racially discriminatory comments and reporting the same to HR Representative Ana Salinas (hereinafter "Salinas" – Hispanic), Fick began to subject Plaintiff to increased hostility, animosity, and retaliatory behavior, including but not limited to pulling work duties from Plaintiff and giving them to another Caucasian employee.

21. Fick also began to pretextually admonish Plaintiff for manufactured and/or petty reasons, advising management that Plaintiff was not doing any work—despite that Plaintiff was the most productive employee there.

22. Plaintiff complained of Fick's continuing hostility and retaliation to HR multiple times, only for Fick to advise him that Salinas did not have time for "childish stuff."

23. Plaintiff called Salinas and asked her whether she had referred to his complaint as "childish stuff," however, Salinas ignored his question and changed the subject.

24. Fick continued to speak negatively of Plaintiff to other employees, threatening that Plaintiff "was next," a clear threat of termination.

25. Fick also routinely began to monitor Plaintiff's every movement, asking other employees if Plaintiff was really working and ordering the other employees to report to him if Plaintiff was not working.

26. Defendants' management effectively condoned Fick's behavior by allowing him to treat Plaintiff and other Black employees with hostility and animosity.

27. In fact, it was apparent from the onset of Plaintiff's employment that Defendants treated Black employees less favorably than Caucasian employees, as Defendants hired Plaintiff and the other Black employees at a rate of $24.00 per hour, while they hired a Caucasian employee named Gabe (last name unknown, "Gabe" – Caucasian) at a rate of $25.00 per hour, despite that he did not have any more experience.

28. When Plaintiff complained about the disparity to Clark, Clark stated only that it was not his fault that Plaintiff failed to negotiate a better starting price; notably, however, Clark advised Plaintiff at the time of his hire that Defendants could not pay more than $24.00 per hour.

29. Gabe also referred to at least one other Black employee as "boy," which said Black employee found offensive.

30. After Plaintiff advised the Black employee to complain to management, Clark told Plaintiff to stay out of the matter as they were "two grown men who can handle it themselves."

31. Upon information and belief, Defendants' management failed to properly address and/or investigate Plaintiff's aforesaid complaints of race discrimination and instead continued to subject him to hostility, animosity, and disparate treatment.

32. After Plaintiff made multiple complaints to Fick and Salinas, Defendants' HR began to require that only the Machine Operators (including Plaintiff) fill out log sheets of the work they were doing for every hour of every day.

33. Soon after enacting the aforesaid log sheet requirement, Defendants then abruptly terminated Plaintiff for alleged "theft of time," claiming that Plaintiff 1) did not adequately account for every hour of his day on the log sheets and 2) was not working (both of which were completely false).

34. Notably, following Plaintiff's termination, Machine Operators were no longer required to fill out logs, demonstrating that Defendants simply used the log requirement as a means to terminate Plaintiff.

35. There is no doubt that Plaintiff's race was a motivating or determinative factor in the termination of his employment with Defendants as he had objected to/complained of race discrimination to Defendants' management on multiple occasions, Defendants' hostility towards him escalated after he made the aforesaid complaints, and he was terminated in close proximity to his complaints for entirely false and pretextual justifications.

36. Plaintiff believes and therefore avers that he was subjected to discrimination, a hostile work environment, retaliation, and ultimately terminated because of his race and his objections to/complaints of race discrimination.

**COUNT I**
**Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")**
**([1] Racial Discrimination; [2] Retaliation; and [3] Hostile Work Environment)**

37. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

38. During Plaintiff's employment with Defendants, he was subjected to discrimination, retaliation, offensive slurs, and a hostile work environment through disparate treatment and pretextual admonishment as outlined *supra* because of his race.

39. Plaintiff objected to/complained of the aforementioned instances of race discrimination and disparate treatment by Defendants' management, but his concerns were ignored.

40. Plaintiff was then terminated for completely pretextual reasons on or about October 31, 2024.

41. Plaintiff believes and therefore avers that he was subjected to discrimination, a hostile work environment, retaliation, and ultimately terminated because of his race and/or his objections to/complaints of race discrimination.

42. Plaintiff also believes and therefore avers that his race was a motivating or determinative factor in Defendants' decision to terminate his employment.

43. These actions as aforesaid constitute unlawful discrimination and retaliation under Title VII.

**COUNT II**
**Violations of Title VII of 42 U.S.C. Section 1981 ("Section 1981")**
**([1] Racial Discrimination; [2] Retaliation; and [3] Hostile Work Environment)**

44. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

45. The aforesaid allegations also constitute violations of Section 1981, and they are analyzed identically in the Third Circuit. Thus, Plaintiff's Section 1981 claims mirror the claims as set forth in Count I.

## COUNT III
## Violations of the Pennsylvania Human Relations Act ("PHRA")
## ([1] Racial Discrimination; [2] Retaliation; and [3] Hostile Work Environment)

46. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

47. The aforesaid allegations also constitute violations of the PHRA, and they are analyzed identically in the Third Circuit. Thus, Plaintiff's PHRA claims mirror the claims as set forth in Count I.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority;

C. Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress, pain, suffering, and humiliation);

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

F. Plaintiff is to receive a trial by jury as requested in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: ______________________

Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
215-639-0801 (P)
215-639-4970 (F)
akarpf@karpf-law.com

Dated: September 30, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

# CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Michael Purnell | : | CIVIL ACTION |
| v. | : | |
| AAP Metals, LLC d/b/a Hillman Brass & Copper, Inc., et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x )

| 9/30/2026 | [signature] | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM

Place of Accident, Incident, or Transaction: Defendants place of business

***RELATED CASE IF ANY:*** Case Number:______________________ Judge:_________________________________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

*A.* ***Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:____________________________

**B.** ***Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):________________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*_____________________________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

PURNELL, MICHAEL

**(b)** County of Residence of First Listed Plaintiff: Chester

*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

## DEFENDANTS

AAP METALS, LLC D/BB/A HILLMAN BRASS & COPPER, INC., ET AL.

County of Residence of First Listed Defendant: Tulsa

*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [X] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - mployment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
Title VII (42USC2000); Section 1981 (42USC1981)

Brief description of cause:
Violations of Title VII, Section 1981 and the PHRA.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ____ DOCKET NUMBER ____

DATE 9/30/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____